THOMAS E. DONAHUE (SBN 156279)
JOHN P. WORGUL (SBN 259150)
DONAHUE & HORROW, LLP
1960 E. Grand Ave., Suite 1215
El Segundo, California 90245
Telephone: (310) 322-0300
Facsimile: (310) 322-0302
Email: tdonahue@donahuehorrow.com
Email: jworgul@donahuehorrow.com

Attorneys for Plaintiffs, U.C., a minor, by and through his Guardian Ad Litem, Susan Torres and SUSAN TORRES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.C., a minor, by and through his Guardian Ad Litem, Susan Torres,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, TIFFANY ISLES, M.D., MICHAEL PRICE, M.D., CLINICAS DE SALUD DEL PUEBLO, INC. and DOES 1 THROUGH 50, inclusive,<br><br>Defendants. | CASE NO.: **'15CV0533 H    KSC**<br><br>**COMPLAINT FOR DAMAGES FOR MEDICAL NEGLIGENCE AND DEMAND FOR JURY TRIAL** |

**GENERAL ALLEGATIONS**

1. This court has jurisdiction pursuant to 28 U.S.C. §2671, 1346(b)(1), and 1367(a).

2. Plaintiff is, and at all times mentioned herein was, a resident of the Southern District of California.

3. Upon information and belief, Plaintiff alleges that Defendants TIFFANY ISLES, M.D., and MICHAEL PRICE, M.D. were employees of CLINICAS DE SALUD DEL PUEBLO, INC. at all times material to this action. Plaintiff is further

informed and believes and thereupon alleges that Defendants TIFFANY ISLES, M.D., MICHAEL PRICE, M.D. are federal employees pursuant to 42 USC §233, 28 USC §2671, and 28 USC §2679(d) at the time of all events in this action.

4. Plaintiff further alleges and believes that CLINICAS DE SALUD DEL PUEBLO, INC. was, at all relevant times, an agent of the United States of America and a Health Resources and Services Administration supported health center and considered a Federal employee pursuant to 42 USC §233, 28 USC §2671, and 28 USC §2679(d).

5. Defendant UNITED STATES OF AMERICA is the party subject to suits arising from the wrongful acts of employees of the federal government while acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act occurred.

6. Plaintiff has properly and timely exhausted his administrative remedies under the Federal Torts Claims Act, and this action is timely filed. Venue is proper because the acts complained of occurred exclusively in the Southern District of California.

7. The true names, identities or capacities, whether individual, associate, corporate or otherwise of Defendants DOES 1 through 50, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. When the true names, identities or capacities of such fictitiously-designated Defendants are ascertained, Plaintiff will ask leave of Court to amend the Complaint to insert said true names, identities and capacities, together with the proper charging allegations.

8. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein as a DOE is responsible in some manner for the events and happenings herein referred to, thereby legally causing the injuries and damages to the Plaintiffs as herein alleged.

9. At all times herein mentioned, Defendants, TIFFANY ISLES, M.D.,

MICHAEL PRICE, M.D. and DOES 1 through 10 inclusive, were, and now are, physicians and surgeons, holding themselves out as duly licensed to practice their profession under and by virtue of the laws of the State of California and were, and now are, engaged in the practice of their profession in the Southern District of California.

10. At all times herein mentioned, Defendants DOES 11 through 20, inclusive, were, and now are, registered nurses, licensed vocational nurses, practical nurses, certified nurse midwives, aids, technicians, attendants, students or other paramedical personnel, holding themselves out as duly able to practice their profession under and by virtue of the laws of the State of California and were, and now are, engaged in the practice of their profession in the State of California and acting as agents, ostensible agents, employees and servants of some or all of the other Defendants within the course and scope of said agency or employment.

11. At all times herein mentioned Defendants CLINICAS DE SALUD DEL PUEBLO, INC. and DOES 21 through 30, inclusive, were corporations, partnerships, joint ventures, or other entities organized and existing under the laws of the State of California, with their principal place of business situated in the Southern District of California.

12. At all times herein mentioned, Defendants, CLINICAS DE SALUD DEL PUEBLO, INC. and DOES 31 through 40, inclusive, were duly organized California corporations, partnerships, hospitals or other entities, existing under and by virtue of the laws of the State of California; that said Defendant corporations, hospitals and the remaining Defendants, and each of them, owned, operated, managed and controlled a general hospital facility within the Southern District of California, held out to the public at large and to the Plaintiffs herein, as properly equipped, fully accredited, competently staffed by qualified and prudent personnel and operating in compliance with the standard of due care maintained in other properly equipped, efficiently operated and administered, accredited hospitals in said community commonly.

13. Defendants CLINICAS DE SALUD DEL PUEBLO, INC. and DOES 21 through 50, inclusive, at all times herein mentioned were institutions or controlled institutions, duly accredited by the Joint Commission on Hospital Accreditation, and assumed and held themselves out to the public and to Plaintiffs as in compliance with the minimum standards required by said Joint Commission for such accreditation.

14. Plaintiff is informed and believes and upon such information and belief allege that at all times herein mentioned, Defendants and other Defendants, including DOES 1 through 50, named fictitiously, were the agents, ostensible agents, servants, employees, joint-venturers, and co-partners of their said co-Defendants, including DOES 1 through 50, and, as such, were acting within the course and scope of such agency, service, partnership, venture, and employment at all times herein mentioned; that each and every Defendant, as aforesaid, when acting as a principal, was negligent in the selection and hiring of each and every other Defendant, as its agent, ostensible agent, servant, employee, joint-venturer and partner. Further, each and every Defendant ratified the conduct of the other Defendants.

15. Plaintiff is informed and believes that at the time of judgment he will be entitled to prejudgment interest because the Defendants will have rejected an offer pursuant to the terms of Code of Civil Procedure Section 998 and will have failed to obtain a more favorable judgment.

**PLAINTIFF U.C., a minor, by and through his Guardian Ad Litem, Susan Torres, ALLEGES A CAUSE OF ACTION FOR NEGLIGENCE AGAINST DEFENDANTS UNITED STATES OF AMERICA, TIFFANY ISLES, M.D., MICHAEL PRICE, M.D., CLINICAS DE SALUD DEL PUEBLO, INC. AND DOES 1 THROUGH 50**

16. Plaintiffs U.C., a minor, by and through his Guardian Ad Litem, Susan Torres, repeats and repleads each and every allegation contained in all prior paragraphs and incorporates the same herein.

17. Plaintiff, Susan Torres, mother of the minor Plaintiff, was by order duly

made and entered in the Superior Court for the County of Imperial, California on November 13, 2013, appointed Guardian Ad Litem of Plaintiff U.C., a minor, born August 22, 2012.

18. Prior to August 22, 2012, the date of U.C.'s birth, and thereafter, Susan Torres employed Defendants, and each of them, to diagnose and treat her condition of pregnancy and to do all things necessary for her care and the care of her baby, U.C., including, but not limited to, pre-delivery care, delivery, and post-delivery care.

19. While Susan Torres and minor Plaintiff U.C. were under the sole and exclusive care and control of the Defendants, and each of them, Defendants, and each of them negligently, carelessly and unskillfully delivered, examined, treated, cared for, diagnosed, operated upon, attended and otherwise handled and controlled the minor Plaintiff herein, thereby proximately causing injuries and damages to the minor Plaintiff.

20. Defendants neglected to adequately select a competent medical staff and to periodically review the competency of its medical staff and failed to adequately monitor its staff such that the minor Plaintiff was caused to, and did suffer damages.

21. At all times herein mentioned, the Plaintiff, U.C., a minor, and Susan Torres, were in the exclusive control of the Defendants, and each of them, and that at no time prior to the events, conduct, activities, care and treatment herein complained of did the Defendants herein, or any of them, obtain knowledgeable, informed consent for said care, treatment or conduct; that prior to the initiation of or performance of said care, treatment, procedure or conduct no opportunity was afforded the Plaintiff or any authorized agent of the Plaintiff to exercise voluntary, knowledgeable and informed consent to said care, treatment, procedure or conduct.

22. As a legal result of the negligence of the Defendants, and each of them, the minor Plaintiff was injured in health, strength and activity, sustaining severe shock, and injury to the body, including but not limited to severe Erb's Palsy and neurological damage, all of which said injuries have caused and continue to cause the

minor Plaintiff great physical, emotional, and nervous pain and suffering, and which said injuries the minor Plaintiff is informed and believes, and thereon alleges, will result in loss of earnings, permanent disability, loss of enjoyment of life, and impairment of earning capacity all to Plaintiff's damage in a sum in excess of the jurisdiction of this Court.

23. As a further legal result of the negligence of the Defendants, and each of them, and the resulting injuries to the minor Plaintiff, said minor Plaintiff was compelled to, and did, incur expenses for medical and surgical attention, hospitalization, nursing, medication and incidentals for said Plaintiff in an amount to be proven at trial.

24. As a further legal result of the negligence of the Defendants, and each of them, and of the resulting injuries, the minor Plaintiff will be obliged to incur expenses for medical care and hospitalization for an indefinite period in the future and to pay for these expenses in the treatment and relief of injuries for medical and surgical attention, hospitalization, nursing, medication, and incidentals for said minor Plaintiff in an amount unknown to Plaintiff at present and to be proven at trial.

25. As a further legal result of the negligence of the Defendants, and each of them, Plaintiff will suffer a decreased earning capacity in the future and future earnings to Plaintiff's further damage in a sum unknown at present and to be proven at the trial in this matter.

26. Under the Federal Torts Claims Act, Defendant UNITED STATES OF AMERICA is liable for the negligence of its employees, agents, and ostensible agents, TIFFANY ISLES, M.D., MICHAEL PRICE, M.D., CLINICAS DE SALUD DEL PUEBLO, INC. and DOES 1 THROUGH 50 as described above, while acting within the scope of their employment.

\\\

\\\

\\\

WHEREFORE, Plaintiff prays for judgment against Defendants UNITED STATES OF AMERICA, TIFFANY ISLES, M.D., MICHAEL PRICE, M.D., CLINICAS DE SALUD DEL PUEBLO, INC. and DOES 1 THROUGH 50, and each of them as follows:

1. Economic and non-economic damages according to proof;
2. Past and future medical expenses, according to proof;
3. For loss of future earning and earning capacity, according to proof;
4. Prejudgment interest;
5. Costs of suit incurred herein, and
6. For such other and further relief as to the Court appears just and proper.

Dated:  March 5, 2015                    DONAHUE & HORROW, LLP


                                         /s/ Thomas E. Donahue
                                         THOMAS E. DONAHUE
                                         JOHN P. WORGUL
                                         *Attorneys for Plaintiff*

DEMAND FOR JURY TRIAL:  Plaintiff hereby requests a trial by jury.

DATED:  March 5, 2015                    DONAHUE & HORROW, LLP


                                         /s/ Thomas E. Donahue
                                         THOMAS E. DONAHUE
                                         JOHN P. WORGUL
                                         *Attorneys for Plaintiff*